# United States District Court
# Central District of California

| | |
|---|---|
| DANIEL DRANEY,<br><br>            Plaintiffs,<br><br>         v.<br><br>WESTCO CHEMICALS, INC. ET AL.,<br><br>            Defendants. | Case №. 2:19-cv-01405-ODW (AGRx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [24]** |

## I. INTRODUCTION

Daniel Draney ("Draney") and Lorenzo Ibarra ("Ibarra") (collectively, "Plaintiffs") for themselves and on behalf of the: (1) Westco Chemicals, Inc. Profit Sharing 401(k) Plan ("401(k) Plan") and (2) Westco Chemicals Defined Benefit Pension Plan ("Defined Benefit Plan") (collectively, the "Plans"), bring this action against Westco Chemicals, Inc. ("Westco"), Ezekiel "Alan" Zwillinger ("Alan"), and Steven Zwillinger ("Steven") (collectively "Defendants") for violations of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 ("ERISA"). (First Amended Compl. ("FAC") ¶ 1, ECF No. 23.) Defendants now seek dismissal of the first two claims in so far as they relate to the Defined Benefit Plan ("Motion"). (Def.s' Mot. to Dismiss. ("Mot."), ECF No. 24.) For the reasons that follow, the Court **GRANTS** Defendants' Motion, and **DISMISSES** Plaintiffs claims to the extent that

they include the Defined Benefit Plan **WITHOUT PREJUDICE**.[1]

## II. FACTUAL BACKGROUND

Westco is a privately held family business. (FAC ¶ 16.) Westco is the Plans' sponsor and thus is a "named fiduciary" pursuant to 29 U.S.C. §1002(16)(B) who has authority to control and manage the administration of the Plans. (FAC ¶ 16.) The 401(k) Plan is an "employee pension benefit plan" within the meaning of 29 U.S.C. § 1002(2)(A) and a defined contribution plan within the meaning of 29 U.S.C. § 1002(34). (FAC ¶ 19.) Westco also possesses or exercises certain types of authority, responsibility, or control over the Plans and thus is a functional fiduciary under 29 U.S.C. §1002(21)(A). (FAC ¶ 16.) Defendant Alan is the current (or former) President of Westco. (FAC ¶ 17.) The First Amended Complaint ("FAC") alleges that Alan designated himself to make all the investment decisions for the Plans and he kept absolute control over the Plans' assets. (FAC ¶ 17.) Defendant Steven is Alan's son and has assumed responsibilities from Alan at Westco. (FAC ¶ 18.) The FAC alleges that Steven currently holds himself out as the Plans' Trustee to the Plans' participants, and makes investment decisions for the Plans and exercises control over the Plans' assets. (FAC ¶ 18.)

The FAC alleges that since 2014, Defendants are directly harming the Pension Funds' participants by failing to properly fund the Pension Fund. (FAC ¶ 36.) For instance, it is alleged that the Pension Fund's 2015 disclosure form stated that at the beginning of the fiscal year the Pension Fund had $1,730,766 in asserts but at the end of the fiscal year the Pension Fund declined in value to $1,584,416. (FAC ¶ 37.) It is further alleged that the majority of the benefits paid by the Pension Fund were paid to Alan, and that the Pension Fund was used for Alan's sole benefit. (FAC ¶ 37.) Moreover, the FAC alleges that Defendants have either placed the Pension Fund's assets in a non-interest bearing account, which would be flagrant breach of the duty of

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

prudence, or Defendants have invested the Pension Funds' assets and are earning income on the investment and keeping the income for themselves, which would be a breach of the duty of prudence and the duty of loyalty. (FAC ¶ 38.)

The FAC also alleges that upon retirement, Defendants never provided Plaintiff Ibarra any information about the Plans or his account status in the Plans. (FAC ¶ 40.) It is further alleged that Ibarra was rebuffed by Steven when he questioned him about the Plans and his retirement accounts. (FAC ¶ 40.) Accordingly, Ibarra alleges that he never received the amounts due to him pursuant to the Defined Benefit Plan. (FAC ¶ 40.) Also, named Plaintiff Draney alleges that on multiple occasions, he requested a copy of the Plan document but was never provided the plan document. (FAC ¶ 21.)

Accordingly, Plaintiffs brought the following claims against Defendants: (1) breach of ERISA's duty of prudence; (2) duty of loyalty; and (3) for a purported failure to operate the 401(k) Plan according to its terms. (FAC ¶¶ 57–77.) Defendants now seek dismissal of the first two claims as they touch and concern the Defined Benefit Plan. (Mot. 1.)

### III.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(1) examines the court's subject matter jurisdiction. When a party moves to dismiss for lack of subject matter jurisdiction, "the plaintiff bears the burden of demonstrating that the court has jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under Rule 12(b)(1), a defendant may make a facial attack, in which the Court's review is limited to the allegations in the complaint, or a factual attack, in which the court may consider certain extrinsic evidence without converting the motion to one for summary judgment. *Richter v. CC–Palo Alto, Inc.*, 176 F. Supp. 3d 877, 884–85 (N.D. Cal. 2016); *Cal. Sportfishing Protection Alliance v. All Star Auto Wrecking, Inc.*, 860 F. Supp. 2d 1144, 1147 (E.D. Cal. 2012.). If a plaintiff lacks standing, the court lacks subject matter jurisdiction under Article III of the U.S. Constitution. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

To establish Article III standing, a plaintiff must demonstrate "(1) an injury-in-fact, (2) [that is] fairly traceable to the challenged conduct of the defendant, and (3) [that is] likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1543 (2016). The injury-in-fact requirement calls for a Plaintiff to demonstrate that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## IV. DISCUSSION

Defendants now move for dismissal on the basis that Plaintiffs' lack Article III standing. (Mot. 5.) Defendants do not challenge traceability nor redressability. (See Mot.5.) Instead, Defendants narrowly argue that "an allegation of the requisite injury-in-fact is missing from the FAC." (Mot. 5.) Plaintiffs oppose the Motion, arguing that Plaintiff Ibarra suffered direct injuries that include denial of the Defined Benefit Plan and the opportunity to make a claim for benefits. (Opp'n to Mot. ("Opp'n") 7, ECF No. 26.) Plaintiffs further allege that the Defined Benefit Plan itself is at risk of injury that is both substantial and imminent, and therefore, Plaintiffs have standing pursuant to Article III. (Opp'n 10.)

### A. STANDING

Defendants challenge this Court's jurisdiction by arguing that the individual Plaintiffs lack Article III standing to state claims under ERISA. (Mot. 5.) In opposition, Plaintiffs argue that they have sufficiently alleged direct injury by asserting that Defendant denied them the Plans benefits, and "jeopardize[ed] the entire existence of the Defined Benefit Plan." (Opp'n 12.) The Court will now determine whether

Plaintiffs have standing to pursue their ERISA claims to the extent that they implicate the Defined Benefit Plan.

"A plan participant suing under ERISA must establish both statutory standing and constitutional standing, meaning the plan participant must identify a statutory endorsement of the action and assert a constitutionally sufficient injury arising from the breach of a statutorily imposed duty." *Slack v. Int'l Union of Operating Engineers*, No. 13-cv-5001 EMC, 2014 WL 4090383, at *11 (N.D. Cal. Aug. 19, 2014).

With respect to statutory standing, section 502(a)(2) of ERISA allows a plan participant, beneficiary, or fiduciary to bring an action against plan fiduciaries for appropriate relief. 29 U.S.C. § 1132(a)(2). It follows that a fiduciary "shall be personally liable to make good to such plan any losses to the plan resulting from each such [fiduciary] breach." 29 U.S.C. § 1109. Consequently, plaintiffs cannot bring suit under section 1132(a)(2) to recover personal damages for misconduct, but instead, must seek recovery on behalf of the plan. *Slack*, 2014 WL 4090383, at *11.

However, with regards to injury-in-fact, "[m]isconduct by the administrators of a defined benefit plan will not affect an individual's entitlement to a defined benefit unless it creates or enhances the risk of default by the entire plan." *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 255 (2008). Accordingly, "ERISA plan participants lack standing to pursue § 1132(a)(2) claims [when] the alleged misconduct underlying the[] action d[oes] not threaten the entire plan." *Slack*, 2014 WL 4090383, at *11. Consequently, to satisfy statutory standing the plaintiff must adequately allege that the entire plan is at risk of default. *Id*.

After statutory standing is established, Plaintiffs must still meet the Article III standing requirements—injury in fact, causation, and redressability. *Id*. Accordingly, "[p]laintiffs do not have Article III standing to allege an ERISA cause of action for monetary damages simply based on the alleged violation of an ERISA trustee's breach of fiduciary duties." *Slack*, 2014 WL 4090383, at *12. Therefore, a plan participant may not sue for breaches unless those breaches have caused the plan participant a

5

cognizable injury that could be redressed by court action. *Id*. Consequently, courts have expressly rejected the idea that ERISA, in imposing fiduciary duties on Plan trustees, creates statutory rights the violation of which is sufficient to confer Article III standing upon plan participants. *Id*. (citing *Kendall v. Employees Retirement Plan of Avon Products*, 561 F.3d 112 (2d Cir. 2009); *David v. Alphin*, 704 F.3d 327 (4th Cir. 2013)).

Nonetheless, Plaintiff "must [still] allege some injury or deprivation of a specific right that arose from a violation of that duty in order to meet the injury-in-fact requirement. [Plaintiff] cannot claim that either an alleged breach of fiduciary duty to comply with ERISA, or a deprivation of her entitlement to that fiduciary duty, in and of themselves constitutes an injury-in-fact sufficient for constitutional standing." *Id*. at *13 (citing *Kendall*, 561 F.3d at 121).

### 1. Whether the FAC Adequately Alleges Injury-In-Fact

Plaintiffs' first two claims seek relief "pursuant to 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1109(a)." (FAC ¶¶ 67, 73.) However, Defendants only challenge Plaintiffs' constitutional standing. (Mot. 5–8.) Accordingly, Plaintiffs' statutory standing is not placed at issue, and the Court analysis is narrowly focused on Article III standing.[2] Therefore, Plaintiffs "must allege some injury or deprivation of a specific right that arose from a violation of that duty in order to meet the injury-in-fact requirement." *Slack*, 2014 WL 4090383, at *13.

Here, it is alleged that Ibarra questioned Steven about his retirement accounts and the plans, however, Steven rebuffed Ibarra. (FAC ¶¶ 40–41.) Accordingly, Plaintiffs assert that Ibarra was denied his benefits according to the Defined Benefit Plan. (FAC ¶¶ 40–41.) It is also alleged that "[w]hen [Ibarra] retired he was not given any

---

[2] In their opposition, Plaintiffs marshal numerous allegations to establish that Defendants' misconduct created or enhanced the risk of default of the entire defined benefit plan. (Opp'n 5–7, 9–15.) However, these allegations support Plaintiffs assertion that they have satisfied statutory standing. Accordingly, the Court declines to evaluate the merits of Plaintiffs' arguments with regards to statutory standing as the issue is not raised by Defendants.

6

information about the Plans or his account status in the Plans," effectively denying Plaintiff Ibarra even the knowledge of or the means to apply for the Defined Benefit Plan. (FAC ¶¶ 40–41.) However, as to Plaintiff Draney the FAC is utterly silent as to what injuries-in-fact he suffered. (*See* FAC.) The FAC merely states "[o]n multiple occasions, Plaintiff Draney requested a copy of the Plan document but such a document was never provided to Plaintiff by Defendants." (FAC ¶ 21.)

"Under the clear-notice standard, claimants seeking documents pursuant to [section] 1024(b)(4) must provide clear notice to the plan administrator of the information they desire." *Michael v. La Jolla Learning Inst., Inc.*, No. 17-CV-934 JLS (MDD), 2019 WL 4747658, at *6 (S.D. Cal. Sept. 30, 2019). Here, the FAC does not allege adequate facts to demonstrate that Ibarra or Draney provided clear-notice to Defendants, instead the FAC only makes vague and abstract allegations of denial of benefits. *Id.* (declining to require Defendants to connect the dots of Plaintiff's request, or forcing Defendants to determine what information was requested). Consequently, based upon the alleged facts, the Court cannot determine whether Plaintiffs were actually denied benefits, and thus, suffered injury. Accordingly, Plaintiffs have failed to adequately plead an injury-in-fact. *Slack*, 2014 WL 4090383, at *13 (plaintiff "must allege some injury or deprivation of a specific right that arose from a violation of that duty").

As Plaintiffs have failed to allege injury-in-fact, they lack standing to bring an action against Defendants for relief pursuant to section 1132(a)(2) with respect to the Defined Benefit Plan. Therefore, Defendants motion to dismiss the first two claims to the extent that they include the Defined Benefit Plan is **GRANTED**. The Claims are **DISMISSED** without prejudice and Plaintiffs are **GRANTED** leave to amend.

**2. Whether the Third Claim Encompasses the Defined Benefit Plan**

At issue is whether Plaintiffs' third claim encompasses the Defined Benefit Plan. Defendants assert that Plaintiffs' third claim "ma[de] no specific charging allegations relat[ed] to the Defined Benefit Plan." (Mot. 4 n. 5.) In their opposition, Plaintiffs

appear to support Defendants' assertion by not opposing the supposition that the third claim is unrelated to the Defined Benefit Claim. (*See generally* Opp'n.) Accordingly, the Court finds that Plaintiffs concede that the third claim does not encompass the Defined Benefit Plan, and therefore, the third claim is not at issue in this Motion. *Star Fabrics, Inc. v. Ross Stores, Inc.*, No. 17-cv-5877-PA (PLAx), 2017 WL 10439691, at *3 (C.D. Cal. Nov. 20, 2017) ("Where a party fails to oppose arguments made in a motion, a court may find that the party has conceded those arguments").

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' First Two Claims to the extent that they include the Defined Benefit Plan. (ECF No. 24.) However, the Court does not find that amendment would be futile. It is conceivable, according to the facts of the case, that Plaintiffs could allege injury-in-fact to satisfy constitutional standing. Accordingly, the Court **GRANTS** Plaintiffs leave to amend their Complaint and refile no later than 21 days from the date of this order.

**IT IS SO ORDERED.**

December 2, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**