Case 2:19-cv-01405-ODW-AGR   Document 71   Filed 03/29/22   Page 1 of 4   Page ID #:1031

Shoham J. Solouki (SBN 278538)
**SOLOUKI SAVOY LLP**
316 West 2nd Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 814-4940
Facsimile: (213) 814-2550
Email: shoham@soloukisavoy.com

Michael C. McKay (Pro Hac Vice)
**MCKAY LAW, LLC**
7702 E. Doubletree Ranch Rd., Ste. 300
Scottsdale, Arizona 85258
Telephone: (480) 681-7000
Facsimile: (480) 348-3999
Email: mmckay@mckaylaw.us

Attorneys for Plaintiffs and the
Proposed Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Daniel Draney and Lorenzo Ibarra, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Westco Chemicals, Inc.; Alan Zwillinger; and Steven Zwillinger,<br><br>　　　　Defendants. | Case No.: 2:19-cv-01405-ODW-AGRx<br><br>**REPLY IN SUPPORT OF AMENDED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO: (1) PRELIMINARILY APPROVE PROPOSED SETTLEMENT; (2) CERTIFY A SETTLEMENT CLASS; (3) APPROVE PROPOSED PLAN FOR CLASS NOTICE; AND (4) SCHEDULE FINAL SETTLEMENT HEARING**<br><br>Date: May 9, 2022<br>Time: 1:30 p.m.<br>Courtroom: 5D, 5th Floor<br>Judge: Honorable Otis Wright II |

Reply In Support of Amended Motion and Memorandum of Points and Authorities In Support of Motion to: (1) Preliminarily Approve Proposed Settlement; (2) Certify a Settlement Class (3) Approve Proposed Plan for Class Notice; and (4) Schedule Final Settlement Hearing

## I. CLASS CERTIFICATION

Plaintiffs' Motion for Class Certification is unopposed. Class certification ought to be granted on this basis alone.

There is no dispute. Plaintiffs satisfy all of the Rule 23(a) requirements commonly known as numerosity, commonality, typicality, and adequacy of representation. *Lozano v. AT&T Wireless Services, Inc.*, 504 F.3d 718, 730 (9th Cir. 2007); *see also See Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 110 (N.D. Cal. 2008). The Court's concerns about typicality and adequacy ought to be allayed given that Defendants' motion for summary judgment was denied and is moot. And because Plaintiffs' are similarly situated to all or virtually all putative class members with respect to any statute of limitation arguments (although no such arguments are pending).

Having satisfied all of the requirements of Rule 23(a), Plaintiffs need only satisfy one subsection of Rule 23(b). Plaintiffs primarily seek certification under Rule 23(b)(1). "Most ERISA claims are certified under Rule 23(b)(1)" and ERISA breach of fiduciary duty claims are "paradigmatic" Rule 23(b)(1) claims. *Kanawi*, 254 F.R.D. at 111. Plaintiffs are seeking relief on behalf of the Plan as whole. Thus, certification under Rule 23(b)(1)(A) or Rule 23(b)(1)(B), or both is appropriate.

If the Court declines to certify the class under Rule 23(b)(1) it should certify the Class under Rule 23(b)(3). The common questions raised by Plaintiffs' claims predominate over questions affecting only individual members of the proposed class. Resolving the claims in this case on a class wide basis is far superior to any other methods of adjudicating this controversy.

## II. PRELIMINARY APPROVAL

Preliminary approval is also appropriate. As required by U.S.C. § 1132(h) Plaintiffs provided the U.S. Secretary of Labor and the U.S. Secretary of the Treasury with a copy of the Complaint in this case after it was filed. *See* Declaration of Michael McKay In Support Of Amended Motion For Class Certification And Preliminary Approval Of Class Action

1

Settlement ("McKay Declaration") ¶ 2. Furthermore, if the Court grants preliminary approval of the proposed settlement then Defendants will cause to be sent notice of the settlement, including the settlement agreement, to federal officials as well as to state regulators. *See* 28 U.S.C. § 1711, *et seq.* Accordingly, the Court will benefit from giving proposed class members the opportunity to object to the settlement, as well as state and federal government officials too. These unique notice procedures are designed to ensure the settlement is fair and reasonable.

Plaintiffs do not expect any objections to the proposed settlement. The proposed settlement provides class members with roughly 68% of their potential recovery (before fees and costs). This is an excellent recovery for class members.

DATED: March 29, 2022                         Respectfully submitted,

/s/ *Michael C. McKay*
Michael C. McKay (Pro Hac Vice)
**MCKAY LAW, LLC**
7702 E. Doubletree Ranch Rd., Ste. 300
Scottsdale, Arizona 85258
Telephone: (480) 681-7000
Facsimile: (480) 348-3999
Email: mmckay@mckaylaw.us

Shoham J. Solouki (SBN 278538)
**SOLOUKI SAVOY LLP**
316 West 2nd Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 814-4940
Facsimile: (213) 814-2550

*Attorneys for Plaintiffs and the Proposed Class*

2

REPLY IN SUPPORT OF AMENDED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION TO: (1) PRELIMINARILY APPROVE PROPOSED SETTLEMENT; (2) CERTIFY A SETTLEMENT CLASS; (3) APPROVE PROPOSED PLAN FOR CLASS NOTICE; AND (4) SCHEDULE FINAL SETTLEMENT HEARING

# CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2022, I electronically transmitted the attached document to the Clerk of the Court using ECF System for filing and served on the following person(s) in the manner indicated below:

| | |
|---|---|
| TRUCKER ♦ HUSS | ■ by CM/ECF Electronic Mail |
| Joseph C. Faucher, Esq. | ☐ by Facsimile Transmission |
| Brian D. Murphy, Esq. | ☐ by First Class Mail |
| 15821 Ventura Blvd. Ste. 510 | ☐ by Hand Delivery |
| Los Angeles, CA 91436 | ☐ by Overnight Delivery |

*/s/ Michael C. McKay*
Michael C. McKay, Esq.

3

REPLY IN SUPPORT OF AMENDED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION TO: (1) PRELIMINARILY APPROVE PROPOSED SETTLEMENT; (2) CERTIFY A SETTLEMENT CLASS; (3) APPROVE PROPOSED PLAN FOR CLASS NOTICE; AND (4) SCHEDULE FINAL SETTLEMENT HEARING