1  Shoham J. Solouki (SBN 278538)
   **SOLOUKI SAVOY LLP**
2  316 West 2nd Street, Suite 1200
3  Los Angeles, California 90012
   Telephone: (213) 814-4940
4  Facsimile: (213) 814-2550
5  Email: shoham@soloukisavoy.com

6
   Michael C. McKay (Pro Hac Vice)
7  **MCKAY LAW, LLC**
   7702 E. Doubletree Ranch Rd., Ste. 300
8  Scottsdale, Arizona 85258
9  Telephone: (480) 681-7000
   Facsimile: (480) 348-3999
10 Email: mmckay@mckaylaw.us
11 *Attorneys for Plaintiffs and the*
   *Proposed Class*
12

13              **UNITED STATES DISTRICT COURT**
14              **CENTRAL DISTRICT OF CALIFORNIA**
15                     **WESTERN DIVISION**

16 

| Daniel Draney, and Lorenzo Ibarra, individually and on behalf of all others similarly situated, | Case No. 2:19-cv-01405-ODW-AGR |
|---|---|
| Plaintiffs, | **PLAINTIFFS' NOTICE REGARDING SETTLEMENT; REQUEST TO CERTIFY CLASS; AND REQUEST FOR TRIAL DATES** |
| vs. | |
| Westco Chemicals, Inc.; Ezekiel "Alan" Zwillinger; and Steven Zwillinger, | |
| Defendants. | |

## I. NOTICE REGARDING SETTLEMENT

The parties reached a tentative global settlement resolving all claims on a class-wide basis in this action. *See* Notice of Settlement, Dkt. Nos. 57 and 60. Among other benefits, the tentative class-wide settlement would have provided the putative class with a $500,000.00 common fund benefit. The Court refused to preliminarily approve the tentative settlement, in part, because of questions concerning whether $500,000.00 was sufficient to compensate all class members. *See* Dkt. No. 62. The Court provided the parties with "suggestions regarding the type of modifications the parties would need to make to the settlement before the Court [would] approve it." *See* Dkt. No. 77.

The parties took the Court's suggestions seriously and negotiated a revised settlement agreement. The revised settlement agreement would have provided the putative class with a $625,000.00 common fund benefit. *See* Dkt. No. 79. Defendants, however, refused to agree that class members could opt out of the revised settlement if class members were not satisfied with the settlement. The parties thereafter submitted the revised settlement to the Court for preliminary approval, consistent with the Court's May 9, 2022 Order. *See* Dkt. No. 77.

A hearing was held on June 27, 2022 to discuss the revised settlement. *See* Dkt. No. 81. The Court refused to preliminarily approve the revised settlement too. *Id.* The Court made very clear to the parties that it would not approve any settlement that did not allow putative class members to opt out of the settlement. *Id.* The Court again encouraged the parties to take seriously its admonitions and return with a settlement that satisfied the Court.

Thereafter, the parties exchanged settlement positions. Plaintiffs urged Defendants to heed the Court's admonitions, but Defendants remained entrenched. Plaintiffs write to provide the Court notice that the parties have no settlement agreement. It does not appear a settlement will ever be reached in this case that would be approved by the Court. The parties have ceased all settlement discussions. Plaintiffs are prepared to move the case forward on its merits.

## II. REQUEST TO CERTIFY THE CLASS

Plaintiffs have filed three motions to certify a class in this case. *See* Dkt. Nos. 48, 60, 66. Defendants have not substantively opposed any of the class certification motions. The Court indicated during the May 9, 2022 hearing (Dkt. No. 77) that it is inclined to certify a Rule 23(b)(3) class in this case. Plaintiffs respectfully request the Court do so without delay.

## III. REQUEST FOR TRIAL DATES

Plaintiffs request the Court to set trial dates. All of the pretrial deadlines in the operative Scheduling Order (Dkt. No. 47) have passed. Plaintiffs understand that Defendants want to continue unnecessary litigation, including re-briefing summary judgment motions. Apparently, Defendants have the audacity to believe the Court will grant Defendants summary judgment over Plaintiffs' claims, which would result in the putative class receiving zero benefits from this litigation, when the Court, acting as a fiduciary to the putative class, refused to preliminarily approve a settlement that would have provided the putative class with $625,000.00. Defendants have taken similarly unreasonable positions throughout this case. (Notably, Defendants are taking similar unreasonable positions and employing similar gamesmanship in the *Diaz v. Westco*, Case No. 2:20-cv-0270-ODW-AGRx matter, which is also pending before this Court.) Defendants may also seek to employ other stratagems and seek to delay the resolution of this case. These efforts should not be embraced. The facts of the case are fully developed. Having refused to settle the claims, consistent with the Court's admonitions, the only thing left to do is to try the case.

Plaintiff asserts the matter will be ready for trial by September 1, 2022. Trial is anticipated to last five days. Plaintiff requests the first available trial dates after September 1, 2022.

1  Respectfully submitted this July 5, 2022.

/s/ *Michael C. McKay*
Michael C. McKay (Pro Hac Vice)
**MCKAY LAW, LLC**
5635 N. Scottsdale Rd., Ste. 170
Scottsdale, Arizona 85258
Telephone: (480) 681-7000
Email: mmckay@mckaylaw.us

Shoham J. Solouki (SBN 278538)
**SOLOUKI SAVOY LLP**
316 West 2nd Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 814-4940
Facsimile: (213) 814-2550

*Attorneys for Plaintiffs and the proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of July, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registered users in this case.

/s/ *Michael C. McKay*